# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES ROLLINS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0060** (BOR Appeal No. 2048512)
                           (Claim No. 2011029028)

**CLIFF'S LOGAN COUNTY COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Rollins, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cliff's Logan County Coal, LLC, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 26, 2013, in which the Board affirmed a June 14, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 16, 2011, decision which granted Mr. Rollins a 3% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rollins, a mechanic, injured his left little finger in the course of his employment on February 23, 2011, when his finger was caught between a hydraulic cylinder and a chain. The claim was held compensable for a left little finger laceration. Mr. Rollins was treated by Robert McCleary, D.O., and Luis Bolano, M.D., and he underwent physical therapy. Three independent medical evaluations were performed in order to determine the amount of permanent impairment Mr. Rollins sustained as a result of his compensable injury. The first evaluation was performed by Prasadarao Mukkamala, M.D., on August 26, 2011. Dr. Mukkamala diagnosed laceration of

1

the left little finger, found Mr. Rollins to be at maximum medical improvement, and assessed 3% whole person impairment. The claims administrator thereafter granted Mr. Rollins a 3% permanent partial disability award.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on March 14, 2012. He noted that Mr. Rollins reported pain, stiffness, and swelling throughout the index, middle, ring, and little fingers of the left hand. It was most severe in the little finger. Dr. Guberman diagnosed status post crush injury to the left hand with a laceration to the left little finger; persistent range of motion abnormalities of the left index, middle, ring, and little fingers; and persistent sensory loss at the left little finger. He assessed 10% whole person impairment. He noted that Dr. Mukkamala's recommendation of 3% impairment did not include the index, middle, and ring fingers, which he opined were crushed and have been symptomatic since the compensable injury.

A third independent medical evaluation was performed on August 20, 2012, by Bill Hennessey, M.D. Dr. Hennessey noted that Mr. Rollins reported trouble fully flexing his left little finger and some loss of sensation. He stated that the remainder of the left hand had normal sensation. Dr. Hennessey assessed 2% whole person impairment for range of motion loss and sensory deficit of the left little finger. He opined that Dr. Guberman's assessment of 10% whole person impairment was unreliable. Dr. Hennessey stated that Dr. Guberman found impairment in the index, middle, and ring fingers on the left hand that he and Dr. Mukkamala did not find.

The Office of Judges affirmed the claims administrator's decision in its June 14, 2013, Order. It found that the only compensable condition in the claim is laceration of the left little finger. Dr. Guberman's report was determined to be unreliable because his recommendation was based, in part, upon crush injuries to the index, middle, and ring fingers, which are not compensable components of the claim. Further, it was found that Dr. Guberman recommended an impairment rating for longitudinal sensory loss in the distribution of the radial digital nerve, which is also not a compensable component of the claim. The Office of Judges found Dr. Mukkamala's recommendation of 3% to be more reliable than Dr. Hennessy's finding of 2% impairment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 26, 2013, decision.

On appeal, Mr. Rollins argues, per Dr. Guberman's report, that he is entitled to a 10% permanent partial disability award. Cliff's Logan County Coal, LLC, asserts that Dr. Guberman's rating is unreliable because it is based, in part, upon non-compensable conditions. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Rollins sustained 3% impairment as a result of his compensable injury and is therefore entitled to a 3% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 23, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman